IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMES S. EGAN,
Petitioner,

v.                                                         Civil No. 3:23cv234 (DJN)

HAROLD W. CLARKE,
Respondent.

**MEMORANDUM OPINION**

James S. Egan, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the County of Fauquier, Virginia ("Circuit Court"). The matter was transferred to this Court by the United States District Court for the Western District of Virginia. Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. As explained below, the Motion to Dismiss (ECF No. 5) will be GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED as untimely.[1]

**I. PROCEDURAL HISTORY**

On November 25, 2019, Egan pled guilty to two counts of aggravated sexual battery of a child under thirteen years old, in violation of Virginia Code section 18.2–67.3. (ECF No. 7–1, at 9.) On March 2, 2020, the Circuit Court sentenced Egan to forty years of incarceration with twenty-two years suspended. (*Id.* at 12.) Egan did not appeal. On May 17, 2021, Egan filed a

---

[1] The Court corrects the capitalization, spelling and punctuation and omits emphasis and symbols in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 7–4, at 2.) On March 10, 2022, the Supreme Court of Virginia determined "that the Circuit Court of Fauquier County must make a determination of petitioner's claims (A)(i) and (A)(ii)." (ECF No. 7–6, at 1.)[2] The Supreme Court of Virginia ordered the Circuit Court to hold an evidentiary hearing within ninety days of the order and report the findings of fact to the Supreme Court of Virginia within sixty days. (*Id.*) The Supreme Court of Virginia explained that the petition for a writ of habeas corpus would remain pending during this time. (*Id.* at 1–2.) After the Circuit Court held the hearing and reported its findings, on December 1, 2022, the Supreme Court of Virginia dismissed the habeas petition. (ECF No. 7–8, at 1–9.) On January 31, 2023, the Supreme Court of Virginia denied Egan's petition for rehearing. (ECF No. 7–9, at 1.)

On February 28, 2023, 2023, Egan filed his § 2254 Petition.[3] Egan raises the following claims:

> Claim One: Ineffective assistance of counsel because counsel assured "him that he would receive a recommendation for a sentence within the guidelines," and instead, Egan received a much higher sentence. (ECF No. 1, at 21–22, 26–27.)
>
> Claim Two: "Due process violation based on Commonwealth breaching plea agreement contract" by arguing for sentence higher than the guidelines range. (*Id.* at 7.)

---

[2] These claims were: "Whether the Commonwealth agreed to recommend to the trial court to sentence petitioner within the sentencing guidelines, whether counsel assured petitioner the court would follow the recommendation by the Commonwealth and sentence him within the sentencing guidelines, and whether, but for counsel's misadvice, petitioner would have pled not guilty and proceeded to trial." (ECF No. 7–6, at 1.)

[3] This is the date that Egan indicated that he placed his petition in the prison mail system. (ECF No. 1, at 15.) However, it appears the petition was not actually mailed until March 22, 2023, according to the stamp placed on the envelope from Buckingham Correctional Center mailroom. (*Id.* at 34.) The Court nevertheless deems the § 2254 Petition filed as of February 28, 2023. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Egan's judgment became final on Wednesday April 1, 2020, when the time to note an appeal to the Court of Appeals of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th

3

Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). Thus, Egan had one year, or until April 1, 2021, to file a petition pursuant to 28 U.S.C. § 2254. Egan failed to file his § 2254 Petition until February 28, 2023, nearly two years beyond the limitation period.

### C. No Entitlement to Statutory Tolling

When Egan filed his state habeas petition in the Supreme Court of Virginia on May 17, 2021, the federal limitation period had already expired a month and a half before. Thus, Egan lacks any entitlement to statutory tolling for his state habeas petition. *Deville v. Johnson*, No. 1:09CV72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Consequently, the one-year statute of limitations bars Egan's § 2254 Petition unless he can demonstrate entitlement to a belated commencement of the limitations period or that some equitable exception allows him to avoid the statute of limitations.

### D. Belated Commencement

On the § 2254 Petition form, Egan indicates that he became aware of Ground Two — that the Commonwealth breached the plea by asking for an above-guideline sentence — on August 27, 2022, when he read his sentencing transcript. (ECF No. 1, at 13.) Egan argues that he had a hearing impairment and did not hear the Commonwealth make this argument so he "could not have discovered through the exercise of due diligence the facts to Ground Two sooner than August 27, 2022." (*Id.* at 14.) Egan contends that his attorney did not make him aware that the Commonwealth asked for a sentence above the guidelines. (*Id.*)

4

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Whether a petitioner has exercised due diligence to warrant a belated commencement period pursuant to 28 U.S.C. § 2244(d)(1)(D) is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). "[T]he petitioner bears the burden of proving that he [or she] exercised due diligence, in order for the statute of limitations to begin running from the date he [or she] discovered the factual predicate of his [or her] claim . . . ." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540–41. Furthermore, in evaluating a petitioner's diligence, the Court is mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, the facts underlying Egan's claim were available to him on the day of sentencing. Although Egan contends that he did not hear the Commonwealth ask the Court to sentence him

above the guidelines,[4] Egan, through reasonable diligence, could have learned of that fact during his sentencing hearing on February 14, 2020, or immediately after the hearing when he spoke with counsel. During sentencing, Egan observed the Assistant Commonwealth's Attorney making arguments and knew that she was speaking. At any time, Egan could have asked his attorney what the Commonwealth was saying if he could not hear the arguments. By the end of sentencing, Egan was or should certainly have been aware that he received a sentence above the guidelines range. Egan, his family and counsel were "shocked" by, and unhappy with, the sentence he received. (ECF No. 7–7, at 30, 41–42.) Egan testified that he discussed his sentence with his counsel after sentencing and he "objected to it" (*id.* at 60), and a reasonably diligent person who was shocked by the sentence he received would likely have asked his attorney what had happened during the proceeding. Thus, Egan clearly could have learned the factual predicate of his claim on the day of sentencing through the exercise of minimal diligence. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (explaining that the limitation period begins "when the factual predicate of the claim could have been discovered through the exercise of due diligence, not when it actually was discovered" (citing *Owens v. Boyd*, 235 F.3d 356, 239 (7th Cir. 2000))).

---

[4] The Commonwealth in its final argument stated, "I hope it gives the Court extreme reason to go to the high end or perhaps above the guidelines" and that "[t]he guidelines are what they are, but I'll take again to point to the Court that the guidelines don't take into consideration [A.'s] young age." (ECF No. 7–3, at 29–30.) The issue of whether the Commonwealth agreed to argue for a sentence within the guidelines was the subject of an evidentiary hearing in the Circuit Court. Counsel testified that after the Commonwealth made these statements, she remembered that Egan made a noise. (ECF No. 7–7, at 42.) Notably, immediately after the Commonwealth finished, the Circuit Court asked Egan several questions which Egan had no trouble hearing and answering. Egan also had no problem hearing the Circuit Court's questions during his plea colloquy. (ECF No. 7–2.) If Egan truly could not hear the Commonwealth's arguments, he should have informed the Circuit Court or his attorney that he was having trouble hearing at that time. A reasonably diligent person, after receiving a sentence higher than expected and being "shocked" by his sentence (ECF No. 7–7, 42–43), would likely have inquired of his attorney what the Commonwealth argued at that time.

Because Egan "merely alleges that he did not actually know the facts underlying his . . . claim," he fails to demonstrate that he acted with due diligence. *In re Boshears*, 110 F. 3d at 1540. Thus, Egan lacks entitlement to the benefit of a belated commencement of the limitations period for Claim Two.[5]

E.  **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Egan asserts that the Court should consider his § 2254 Petition timely for several reasons: (1) due to the COVID–19 pandemic and related lockdowns, he lacked access to the law library from March 16, 2020 until July 19, 2020 (ECF No. 12, at 2, 4); (2) "because of his advanced age

---

[5] The Supreme Court of Virginia found the exact claim that Egan raises here, that the Commonwealth breached the plea agreement by arguing for a higher sentence, was not properly before the court. (*See* ECF No 7–8, at 9.) Nevertheless, based on findings of the Circuit Court after an evidentiary hearing, the Supreme Court of Virginia determined that the Commonwealth never promised to recommend a sentence within the sentencing guidelines. (ECF No. 7–8, at 6–7.) Accordingly, the Commonwealth did not breach the plea agreement with respect to Egan's sentence. Although Egan's claim is untimely, after this Court's review of the record, Claim Two also lacks merit.

7

of 76 years old . . . his cognitive thinking ability was impaired" and he could not be expected to understand a one-year limitation period (*id.* at 3); and (3) he had to rely on other offenders for legal assistance, and he could not get assistance until he was transferred to the Virginia Department of Corrections on March 15, 2021. (*Id.*) None of these circumstances are so extraordinary as to warrant equitable tolling.

"Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Additionally, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Further, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Id.* at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Egan has not identified an extraordinary circumstance that would warrant equitable tolling.

Egan has also failed to demonstrate that he exercised diligence in seeking to file his § 2254 Petition in the many months after his convictions became final on April 1, 2020. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). Egan claims that he was unable to access the library from March

8

2020 until June 2020,[6] and then could not be expected to understand the law at his age until he was transferred into the Virginia Department of Corrections in March of 2021 and received assistance from other inmates. However, Egan fails to identify any action that he took to advance his federal rights between June 2020 and May 2021. Accordingly, Egan fails to show that he is entitled to equitable tolling and his § 2254 Petition is time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 5) will be GRANTED. Egan's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Egan.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 13, 2023

---

[6] Egan cites a Supreme Court of Virginia order that he alleges extended deadlines for filing in some Virginia state courts from March 16, 2020, until July 19, 2020, arguably for the proposition that he was not required to pursue his claims during this time. (ECF No. 12, at 2–3.); *see also* https://www.vacourts.gov/news/items/covid/2020_0708_scv_seventh_order.pdf (providing no further tolling of limitations as of July 20, 2020) (last visited Nov. 3, 2023). These state deadline extensions have no bearing on the *federal* statute of limitations for his § 2254 Petition. Egan also fails to explain how this extension prevented him from drafting and filing his federal petition by April 1, 2021.

9